Nathan Brown
**Brown Patent Law**
15100 N. 78th Way Suite 203
Scottsdale, AZ 85260
Phone: 602-529-3474
Email: Nathan.Brown@BrownPatentLaw.com

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Spectrum Products LLC, an Arizona Company<br><br>Plaintiff,<br><br>vs.<br><br>Jie Gao, Jie Hue, and Ventilaiders,<br><br>Defendant | Case No.:<br><br><br>**COMPLAINT**<br><br>**DEMAND FOR A JURY TRIAL** |

Spectrum Products LLC, through its attorney of record, alleges the following:

## PARTIES

1. Spectrum Products LLC is a company duly and legally form under the laws of the State of Arizona.

2. Upon information and belief, Ji Gao is a citizen of the country of South Korea.

3. Upon information and belief, Ji Gao has a temporary residence in the State of Maryland.

4. Ji Gao real name might be Ji Hue, or any Hangul equivalent of Ji Gao.

5. Plaintiff believes that Ji Gao is an alias at best.

COMPLAINTDEMAND FOR A JURY TRIAL - 1

6. In an attempt to contact Ji Gao, Plaintiff sent out Cease and Desist to six addresses each had a Ji Gao listed as a resident. Plaintiff does not know which residence applies.

7. Upon information and belief, Ventilaiders is one of many businesses owned by Ji Gao.

8. Upon information and belief, Ventilaider company is a sole proprietorship based in Maryland.

9. When contacting Ji Gao, Attorney Seongyoune Kang, contacted Plaintiff. Mr. Kang would not accept service on behalf of his client but did verbally threaten parties regarding the patent. Upon information and belief, Mr. Kang works at Quantum Patent Law Firm.

10. Mr. Kang expressed no desire to resolve the infringement but instead make sure that the identify of his client was hidden from Plaintiff.

## JURISDICTION

11. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. § 271, which gives rise to the remedies specified under 35 U.S.C. §§ 154, 281 and 283-285.

12. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## VENUE

COMPLAINTDEMAND FOR A JURY TRIAL - 2

13. Venue is proper in this judicial district under 28 U.S.C. §§1391 and 1400.

14. This Court has personal jurisdiction over Defendants in this action because Defendants have committed acts within Arizona giving rise to this action and have established minimum contacts with this forum such that the exercise of jurisdiction over the Defendants would not offend traditional notions of fair play and substantial justice. The Defendants, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by among other things offering to sell and selling products and/or services that infringe the asserted patents.



COMPLAINTDEMAND FOR A JURY TRIAL - 3

15. Generally, a "patentee may . . . obtain damages only for acts of infringement after the issuance of the [] patent." *Welker Bearing Co. v. PHD, Inc.*, 550 F.3d 1090, 1095 (Fed. Cir. 2008) (internal quotation marks omitted). However, an exception exists in cases where a patentee can prove that it qualifies for "provisional rights" under 35 U.S.C. § 154(d). When present, provisional rights allow a patentee to obtain a reasonable royalty from one who committed acts that would constitute infringement of the invention as claimed in the published patent application, between the date on which the application was published and the date of the patent's issuance. See 35 U.S.C. § 154(d)(1).

16. The statute also unambiguously provides that what the alleged infringer must have actual notice of is "the published patent application." Thus, there is no requirement that the alleged infringer be put on notice of the conduct the patent applicant believes constitutes infringement. See *The First Years, Inc. v. Munchkin, Inc*., 2008 U.S. Dist. LEXIS 70482, 2008 WL 4283122, at *2 (W.D. Wis. Sept. 17, 2008) (holding that § 154(d) contains "no requirement that a patentee provide notice of the specific manner by which a defendant is believed to be practicing the inventions claimed in a patent application").

17. Upon information and belief, Defendants stored the infringing products in warehouses in Arizona. From Arizona the infringing products are offered for sell and shipped to any buyer in the United States.

COMPLAINTDEMAND FOR A JURY TRIAL - 4

18. Upon information and belief, Defendants sell or offer to sell the infringing product in the State of Arizona.

19. Defendants sell or offers to sell the infringing product in Maricopa County, State of Arizona.

20. Upon information and belief, Defendants are not registered to do business in any State.

**THE PATENT**

21. The Patent is Application Number 29/760423 ("0423")

22. The title of the 0423 Patent is "Vent Extender."

23. The 0423 Patent is a design patent.

24. The 0423 Patent Art Unit is 2914.

25. The 0423 Patent filing date was 12/01/2020.

26. The 0423 Patent application type is nonprovisional.

27. The 0423 Patent received a Notice of Allowance on 6/16/2021.

28. The 0423 Patent was published in July of 2021.

29. The 0423 Patent was issued on July 20, 2021.

30. The 0423 Patent when issued was given United States Patent Number D925721 "D925". Appendix A.

31. The D925 patent is titled Vent Extender.

32. Spectrum Products LLC is the owner of the 0423 patent and D925 patent asserted in this action and has the exclusive rights to sue and collect remedies for past, present, and future infringement the Patent.

## PATENT INFRINGEMENT

33. Plaintiff incorporates all previous paragraphs.

34. Defendants or their affiliates sells, offers for sell, imports and or distributes infringing patent design of the D925 patent.

### Amazon Listing



35. One of the online locations Defendant offers the infringing product for sale is Amazon.com.

36. The accused products offer the benefits of Plaintiff's design by, for example, they are identical or almost identical in every design.

COMPLAINTDEMAND FOR A JURY TRIAL - 6

37. Defendants have knowledge of the patents and its infringement since Defendants first reversed engineered Plaintiff's design and offered the infringing product for sale.

38. Defendant(s) through their attorney knew of the infringement and so unsuccessfully attempted to stop allowance of the patent by sending the Patent Examiner prior art. The United States Patent Office was not persuaded by Defendant(s)' argument to stop allowance of the D925 patent.

39. Defendants have infringed and continue to infringe the claim of the D925 Patent under 35 U.S.C. § 271, literally or under the doctrine of equivalents, by making, using, selling, , and or offering for sale in the United States, and  or importing in the United States, the accused products.

40. For example, the infringing product meets all of the claim of the D925 patent.

41. Defendants have committed acts of infringement without license or authorization. Defendants knew or should have known that their actions would cause direct and indirect infringement of the D925 patent. Defendants knew they did not the infringing product when they offered it for sale.

42. On information and belief, Defendants acted with objective recklessness by proceeding despite an objectively high likelihood that their actions constituted infringement of a not only patentable product, but a valid patent.

COMPLAINTDEMAND FOR A JURY TRIAL - 7

43. Defendants are also liable under 35 U.S.C. § 271(b) for actively inducing infringement and continuing to actively induce infringement. Defendants actively induces and continues to induce its customers, distributors, end-users, vendors including customer-support and/or manufacturers to infringe the D925 Patent. On information and belief, Defendants possessed a specific intent to induce infringement, and in fact did induce infringement, by engaging in affirmative acts such as by selling and causing the Products to be manufactured, by providing user guides, installation or instruction manuals, and other training materials, by advertising and solicitation and otherwise providing sales-related materials, and by instructing and/or demonstrating to customers, distributers, end-users, vendors including customer-support and/or manufacturers the normal operation of the Products that infringe the D925 Patent. Defendant is aware and/or willfully blind that these affirmative acts infringe and/or would induce infringement of the D925 Patent, of which it had knowledge.

44. The D925 Patent has no substantial non-infringing use.

## PRELIMINARY INJUNCTION

45. Plaintiff incorporates all proceeding paragraphs.

46. Defendants will continue to infringe unless this Court enjoins Defendants and their agents, servants, employees, representatives and all others acting in active concert with it from infringing the D925 Patent.

COMPLAINTDEMAND FOR A JURY TRIAL - 8

47. Plaintiff has been damages as a result of Defendants' infringing conduct. Defendants are, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

48. Plaintiff has no hope of recovering damages unless an immediate injunction is ordered.

49. Upon information and belief, Defendants have hidden behind a series of alias, fake names, unregistered businesses, and shifty attorney(s).

50. The merits in this case favor the Plaintiff, because the infringing product is an exact counterfeit of Plaintiff's patent.

51. If a preliminary injunction is not issued, Plaintiff has no way of locating the Defendants' moneys or products after a verdict is reached.

52. Plaintiff will continue to be irreparably harmed because there is based on Defendants actions of unknown aliases and unregistered businesses, there is no official record of Defendants in the United States.

53. Defendants could immediately leave the country instead of paying infringement damages and costs.

54. A preliminary injunction will send a clear message to all sellers of products, if you did not invent the product and you are copying the product from another, you must pay.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and prays that the Court grant the following relief to Plaintiff:

A. A judgement that the D925 patent is infringed by Defendant's manufacture, offers to sell, sales, or uses within the United States, or importation into the United States, of products, including without limitation…

B. An order permanently enjoining Defendant, its affiliates and subsidiaries, and each of its officers, agents, servants and employees and those acting in privity or concert with them, from making, offering to sell, selling using, or importing into the United States, products claimed in any of the claims of the D925 patent, and from causing or encouraging others to use, sell, ,offer for sale or import products that infringe any claim of the D925 patent, including any extensions and/or additional periods of exclusivity to which Plaintiff is or becomes entitled;

C. An order awarding damages under 35 U. S.C. 284 in an amount sufficient to compensate Plaintiff for its damages arising from infringement by Defendant, including but not limited to, lost profits and/or a reasonable

royalty, together with pre-judgment and post-judgment interest, and costs;

D. An order awarding treble damages for willful infringement by Defendant, pursuant to 35 U.S.C. 284;

E. An accounting and/or supplemental damages for all damages occurring after any discovery cutoff and through the Court's decision regarding the imposition of a permanent injunction;

F. A judgment declaring that this case is exceptional and awarding Plaintiff its reasonable costs and attorneys' fees pursuant to 35 U.S.C. 285; and

G. Such further and other relief as this Court deems proper and just.

## JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a jury trial of all issues triable to a jury in this action.

Dated this 15th day of August, 2021.

                                         **s/Nathan Brown**
                                         Attorney for Plaintiff

COMPLAINTDEMAND FOR A JURY TRIAL - 12