WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Spectrum Products LLC, | No. CV-21-01407-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Jie Gao, et al., | |
| Defendants. | |

Plaintiff Spectrum Products LLC accuses Defendants of patent infringement. (Doc. 31.) After they failed to appear, the Clerk of the Court entered default against Defendants. (Docs. 27, 37, 38.) Plaintiff now moves for entry of default judgment. (Doc. 40.)

The Court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The following factors may be considered in deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the Court accepts as true

the complaint's well-pled factual allegations. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

The Court has considered the *Eitel* factors and finds they favor default judgment on liability. If default judgment is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Plaintiff's complaint states a plausible claim of patent infringement against Defendants. Given the sufficiency of the complaint and Defendants' default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *Id.* There is no evidence that Defendants' default was the result of excusable neglect. The amount of money at stake, though substantial, appears proportionate to the alleged infringement. And although cases "should be decided on their merits whenever reasonably possible" *Eitel*, 782 F.2d at 1472, the existence of Federal Rule of Civil Procedure 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Indeed, it is difficult to reach the merits when the opposing party is absent. Accordingly, the Court will enter default judgment in favor of Plaintiff and against Defendants on liability.

The Court also will grant Plaintiff relief in the form of a permanent injunction against further infringement by Defendants. The Court has found for Plaintiff on the merits by default. The record suggests that absent an injunction, Defendants will continue to infringe on Plaintiff's patent; indeed, a cease-and-desist letter did not deter Defendants from further infringement. And the balance of equities and public interest favor an injunction that protects Plaintiff's patent rights from unlawful infringement.

The Court further finds—given the apparent infringement by Defendants, their refusal to voluntarily cease infringement after being sent a cease and desist letter, and their failure to participate in this litigation—that this is an exceptional case pursuant to 35 U.S.C. § 285 justifying an award of attorney fees and costs, though the Court will defer awarding a specific amount until after it resolves the damages issues because further briefing on damages will result in additional attorney fees.

On the issue of damages, the Court needs more information. Plaintiff seeks its lost profits and disgorgement of Defendants' profits. Plaintiff has quantified the latter but claims it will need to supplement the record after entry of default judgment to quantify the former. Absent from the motion, however, is an explanation for why Plaintiff is entitled to both. Generally, disgorgement of a defendant's profits and plaintiff's own lost profits based on the same sales constitutes an impermissible double-recovery under the Patent Act. *See Focus Products Grp. International, LLC v. Kartri Sales Co., Inc.*, 15 Civ. 10154 (PAE), 2022 WL 17851810, at *66 (S.D.N.Y. Dec. 22, 2022). And because disgorgement is an equitable remedy, a plaintiff generally can't elect disgorgement over actual damages just because disgorgement is the greater of the two. *Id.* It seems, then, that the default remedy for Defendants' infringement is an award of Plaintiff's lost profits, which is a calculation Plaintiff claims it needs additional time to make.

Plaintiff also asks that the Court order Amazon.com, Inc. to transfer Defendants' Amazon.com account to Plaintiff. But Amazon.com is not a party to this litigation, and the Court generally lacks authority to enjoin non-parties, unless those non-parties are officers, agents, servants, employees, attorneys, or other persons in active concert or participation with the named defendants. *See* Fed. R. Civ. P. 65(d)(2). Plaintiff's motion makes no argument and cites no authority for the proposition that Amazon.com is an agent of Defendants or is operating in active concert with Defendants in their infringement.

For these reasons, the Court will reserve judgment on these remaining damages issues pending further briefing and evidence from Plaintiff, but the Court otherwise grants the motion for default judgment.

**IT IS ORDERED** that Plaintiff's motion for default judgment (Doc. 40) is **GRANTED** as follows:

1. The Court finds in favor of Plaintiff and against Defendants on the issue of liability. Defendants have infringed the D925721 Patent.
2. Defendants, their officers, agents, servants, employees, attorneys, and other persons in active participation with them are permanently enjoined during the

life of the D925721 Patent from any and all acts of infringement of the D925721 Patent, including making, having made, using, selling, offering for sale, or importing into the United States the invention claimed in the D925721 Patent.

3. Within **14 days** of the date of this order, Plaintiff shall file a supplemental brief addressing the outstanding damages issues identified in this order. In addition, Plaintiff shall notify the Court in writing whether it believes an evidentiary hearing will be required to determine its damages.

4. Plaintiff may supplement its attorney fees and costs request after the Court rules on the outstanding damages issues.

Dated this 27th day of March, 2023.

Douglas L. Rayes
United States District Judge