WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Spectrum Products LLC, | No. CV-21-01407-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Jie Gao, et al., | |
| Defendants. | |

On March 27, 2023, the Court granted Plaintiff Spectrum Products LLC default judgment against Defendants for patent infringement claims brought under 35 U.S.C. § 271. (Doc. 43.) The Court granted Plaintiff a permanent injunction against further infringement by Defendants, but reserved judgment as to damages pending further briefing and evidence from Plaintiff. (*Id.* at 3–4.) Plaintiff submitted a supplemental brief and sworn declarations addressing the issue of outstanding damages. (Docs. 44, 47.) For the following reasons, the Court grants Plaintiff's request for damages under 35 U.S.C. § 284 in the total amount of $1,012,091.52.

**I.** **Legal Standard**

Section 284 of Title 35 of the United States Code provides the statutory basis for an award of damages in patent infringement cases:

> Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for

> the use made of the invention by the infringer, together with interest and costs as fixed by the court.

35 U.S.C. § 284. One method of awarding a claimant "damages adequate to compensate for infringement" is by awarding the claimant their "lost profits." *Pelican Int'l, Inc. v. Hobie Cat Co.*, 655 F. Supp. 3d 1002, 1034 (S.D. Cal. 2023). "To recover lost profits, the patentee bears the burden of proof to show a reasonable probability that 'but for' infringement, it would have made the sales that were made by the infringer." *Presidio Components, Inc v. Am. Tech. Ceramics Corp.*, 875 F.3d 1369, 1380 (Fed. Cir. 2017); *see also Saf-Gard Products, Inc. v. Serv. Parts, Inc.*, 491 F. Supp. 996, 1010 (D. Ariz. 1980) (noting that the infringer is liable for what the patent owner "would have netted from the sales denied to him"). "[A] patentee need only prove its lost profits to a reasonable probability . . . [U]ncertainties are resolved against the infringer." *Scripto-Tokai Corp. v. Gillette Co.*, 788 F. Supp. 439, 444 (C.D. Cal. 1992) (citing *Del Mar Avionics v. Quinton Instrument Co.*, 836 F.2d 1320, 1326–27 (Fed. Cir. 1987)).

Section 284 also provides for enhanced damages. A court "may increase the damages up to three times the amount found or assessed" in cases of infringement. 35 U.S.C. § 284. "Whether and to what extent enhanced damages are awarded is at the discretion of the Court." *Oomph Innovations LLC v. Shenzhen Bolsesic Elecs. Co. Ltd.*, No. 5:18-cv-05561-EJD, 2020 WL 5847505, at *5 (N.D. Cal. Sept. 30, 2020). Generally, a court will grant enhanced damages where the conduct at issue "may be described as 'willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate.'" *Id.* (quoting *Halo Electronics, Inc v. Pulse Electronics, Inc.*, 579, U.S. 93, 103–04 (2016)).

## II. Discussion

Before turning to the calculation of damages, the Court first addresses Plaintiff's right to recover for patent infringement predating the issuance of its patent. Plaintiff filed its patent application on December 1, 2020, and was issued its patent on July 20, 2021. (Doc. 1 at 5.) However, Plaintiff alleges the infringement period started on January 20, 2021, the date Plaintiff sent Defendants a cease-and-desist letter regarding the infringement

(Doc. 40-6), and continued until July 28, 2022 (Doc. 44-2). Thus, Plaintiff contends the infringement period constitutes 554 days in total. "Generally, patent owners may only collect damages for patent infringement that takes place during the term of the patent." *Rosebud LMS Inc. v. Adobe Sys Inc.*, 812 F.3d 1070, 1073 (Fed. Cir. 2016) (citing 35 U.S.C. § 271). That said, § 154(d) provides a narrow exception to that rule, allowing a patent owner to seek damages for infringement prior to the issuance of the patent if the infringer "had actual notice of the published patent application." *Id.*; 35 U.S.C. § 154(d). Actual notice includes "a party affirmatively acting to provide notice" as well as notice given directly to, or received personally by, a party. *Rosebud*, 812 F.3d at 1074. Here, accepting Plaintiff's allegations on default as true, the Court finds that Plaintiff affirmatively provided notice to Defendants of Plaintiff's patent application and Defendants' infringement. Thus, Plaintiff is entitled to pre-issuance damages—*i.e.*, damages covering the period of January 20, 2021, until July 28, 2022—under § 154(d).

Turning now to the calculation of damages: Plaintiff seeks $337, 363.84 in damages, before enhancement, based on its lost profits. Plaintiff relies on Jungle Scout, an online software, to calculate a reasonable estimate of how many infringing units of product Defendants sold during the infringement period. Jungle Scout uses algorithms to, among other things, track and monitor the sales history for products listed on Amazon based on the product's Amazon Standard Identification Number ("ASIN"). (Doc. 47-2.) Jungle Scout estimates that between January 20, 2021, until July 28, 2022, Defendants sold on average 88 units per day. Plaintiff multiplies 88 units sold per day with 554 days, the total number of infringing days. This calculation equals 48,752 units, which is a reasonable estimate of the number of infringing units sold by Defendants.

Next, Plaintiff multiplies the number of infringing units sold by Defendants with the net profit Plaintiff makes on each unit of product sold. Plaintiff has a net profit of $6.92 per unit sold. So, $6.92 per unit multiplied by 48,752 units equals $337,363.84, the amount of profit Plaintiff would have made but-for Defendants' infringement. The Court finds this to be a reasonable and fair measure of Plaintiff's damages.

Plaintiff further requests that the Court grant enhanced damages at the maximum amount permitted by statute. The Court finds that Plaintiff's allegations support a finding of willful infringement and thus justify enhanced damages. Plaintiff alleged that Defendants actively induced infringement under 35 U.S.C. § 271(b) and continued in their infringement despite receiving a cease-and-desist letter. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011) ("[I]nduced infringement under § 271(b) requires knowledge that the induced act constitutes patent infringement."). Furthermore, Defendants continued to market and sell infringing products for close to a year after Plaintiff initiated this action and have completely failed to participate in the action. *See Evolusion Concepts, Inc. v. HOC Events, Inc.*, No. 2:19-cv-02736-JLS-DFM, 2022 WL 17541043, at *10 (C.D. Oct. 28, 2022). Accordingly, the Court finds it appropriate to award Plaintiff enhanced damages under 35 U.S.C. § 284 in the amount of three times Plaintiff's lost profits, totaling $1,012,091.52.

**IT IS ORDERED** that Plaintiff's motion for default judgment (Doc. 40), as supplemented by its request for lost profits and enhanced damages (Doc. 44), is **GRANTED** as follows:

1. Plaintiff is awarded treble damages in the amount of **$1,012,091.52**.
2. Per the Court's March 28, 2023 order, Defendants, their officers, agents, servants, employees, attorneys, and other persons in active participation with them are permanently enjoined during the life of the D925721 Patent from any and all acts of infringement of the D925721 Patent, including making, having made, using, selling, offering for sale, or importing into the United States the invention claimed in the D925721 Patent.
3. Per the Court's March 28, 2023 order, Plaintiff is entitled to its reasonable attorney fees and costs upon submission to the Court, within **14 days** of the date of this order, an itemized accounting of those fees.

/ / /

/ / /

4. The Clerk of the Court shall enter judgment accordingly and terminate this case.

Dated this 31st day of January, 2024.

                                      Douglas L. Rayes
                                      United States District Judge