**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Spectrum Products LLC, | No. CV-21-01407-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Jie Gao, et al., | |
| Defendants. | |

    This is a patent infringement case. The Court previously granted default judgment in favor of Plaintiff. (Doc. 48.) The Patent Act authorizes the Court to award reasonable attorney fees to the prevailing party "in exceptional cases." 35 U.S.C. § 285. In its order granting default judgment, the Court found that this was such a case and directed Plaintiff to submit an itemized accounting of those fees. (Doc. 48 at 4.) Plaintiff has done so. (Doc. 51-2.) On review, however, the Court denies Plaintiff's fee request because counsel's supporting documentation is woefully inadequate.

    When assessing the reasonableness of a fee request, the Court uses the lodestar method, under which "the number of hours reasonably expended on the litigation [is] multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To aid this inquiry, LRCiv 54.2(e)(2) requires that a fee application include a task-based itemized statement of attorney fees that "adequately describe[s] the services rendered so that the reasonableness of the charge can be evaluated," without divulging privileged

information. Local Rule 54.2(e)(2) offers examples. Entries for phone calls "must identify all participants and the reason for the telephone call." *Id.* at (e)(2)(A). By logical extension, entries for emails should include comparable descriptions. Entries for legal research "must identify the specific legal issue researched and, if appropriate, should identify the pleading or document the preparation of which occasioned the conduct of the research. Time entries simply stating 'research' or 'legal research' are inadequate[.]" *Id.* at (e)(2)(B). Entries for preparing pleadings or other papers "must identify the pleading, paper or other document prepared and the activities associated with its preparation[.]" *Id.* at (e)(2)(C). The Court may discount fees that do not adequately describe the services rendered.

Other principles also inform the reasonableness inquiry. For example, attorneys should avoid block-billing, the impermissible "practice of including various tasks within one time entry without specifying the time spent on each task within an entry." *Banas v. Volcano Corp.*, 47 F.Supp.3d 957, 966 n.9 (N.D. Cal. 2014). Courts may discount block-billed fees. Further, "[a]n attorney is not permitted to claim hours for purely clerical tasks that should have otherwise been subsumed into the firm's overhead." *Herrera-Amaya v. Arizona*, No. CV-14-02278-TUC-RM, 2019 WL 2724059, at *5 (D. Ariz. June 28, 2019). Such tasks include filing and organizing documents. *Id.*

In nearly every respect, counsel's task-based itemization fails to comply with these rules. The application is replete with vague entries such as "complaint," "phone call," "process server time," "[e]ntry of [d]efault," and "filed notice." It also frequently includes tasks that are fairly categorized as clerical (such as filing, mailing, and organizing) and which should not have been billed at an attorney hourly rate. The itemization includes several block-billed entries, such as "verdicts, phone call, mailed devised plan," "[a]ffidavits for Jungle Scout, Jungle Scout research, Motion," and "phone call discussing DA THYME and Gao, emails." It also includes the following entries, which are not attorney fees—they are taxable costs that should have been presented to the Clerk of the Court in a bill of costs pursuant to Local Rule of Civil Procedure 54.1 (something Plaintiff did not do):

1    • 8/31/21 - $75.00 "process server fee"

2    • 10/6/21 - $127.50 for "PROOF invoice"[1]

3    • 10/16/21 - $85.00 for "PROOF INVOICE"

4    • 10/16/21 - $42.50 for "PROOF INVOICE"

5    • 3/2/22 - $85.00 for "Process server fee"

What's more, the statement contains discrepancies that call into question the accuracy of the records. For example, counsel billed 1.5 hours on November 17, 2021 for "[m]otion for extension of time serve Hie, and early discovery," but this motion was filed with the Court on November 15, 2021.[2] Counsel could not have drafted this motion 2 days after it was filed. And perhaps most egregiously, the itemized statement appears to include work unrelated to this case. For example, counsel billed 2.5 hours on 12/28/23 for "[c]omplaint, wrote, emailed," another hour on January 2, 2024 for "reviewed complaint and filed," itemized a $405.00 filing fee on January 2, 2024, and billed on January 22, 2024 for, among other things, "magistrate election form, filed emailed." These entries appear to relate to a different case, as no complaint (original or amended) was filed in this case in 2024, the filing fee of $402.00 (not $405.00) was paid in August 2021, and this case was never assigned to a magistrate. Similarly, counsel billed an hour on January 5, 2024 for filing a corporate disclosure statement, even though the corporate disclosure statement in this case was filed in August 2021, indicating that this January 5, 2024 corporate disclosure statement pertained to a different case. Given the pervasive problems and discrepancies with counsel's task-based itemization, the Court has no confidence that the statement accurately reflects counsel time, let alone a reasonable fee.

---

[1] The process server fees are taxable costs. *See Alflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175, 178 (9th Cir. 1990). It is not clear what "PROOF invoice" means. The next entry is for filing proofs of service with the Court. (Doc. 51-2 at 2.) The Court infers that "PROOF invoice" refers to an invoice related to these proofs of service. But if Plaintiff believes these entries are non-taxable expenses, he still is not entitled to them because he did not comply with LRCiv 54.2(e)(3) by itemizing these expenses in a separate portion of the itemized statement and attaching "copies of applicable invoices, receipts, and/or disbursement instruments."

[2] Counsel dated the motion August 15, 2021. (Doc. 23 at 4.)

- 3 -

**IT IS ORDERED** that Plaintiff's motion for attorney fees (Doc. 51) is **DENIED**.

Dated this 18th day of September, 2024.

_____
Douglas L. Rayes
Senior United States District Judge